THE NATIONAL STATE BANK OF OSKALOOSA v. YOUNG, Treasurer.

**Taxation:** OF NATIONAL BANKS. Under section 41, of the act of congress, approved June 3, 1864, authorizing the organization of national banks, none of the property of such banks is taxable by State, county or municipal authority, except the real estate of the association and the shares of its stockholders. The duties provided for in said act were designed to be in lieu of all existing taxes.

*Appeal from Mahaska District Court.*

THURSDAY, JULY 23.

THIS is a suit in chancery to enjoin the collection of a certain tax alleged to be illegally assessed against plaintiff, upon $61,260 of personal property.

Decree in the District Court perpetually enjoining the collection of the tax.

Defendant appeals.

*Z. T. Fisher* for the appellant.

*Seevers & Cutts* for the appellee.

BECK, J. — The cause was before us at the June Term, 1867, upon the appeal of defendant, from an order overruling a demurrer to plaintiff's bill. The judgment of the District Court was affirmed and the cause remanded. Upon a trial, the defendant having answered the petition, a decree, as prayed for by plaintiff, was entered, and defendant again appeals to this court.

The plaintiff is a banking association, organized prior to January 1, 1866, under the act of congress of June 3, 1864, with a capital stock of $100,000. It was assessed for taxation, for the year 1866, in the sum of $61,260 upon personal property, by the assessor, and return of such assessment duly made. The basis of this assessment appears to have been the capital stock of the bank, after deducting the value of government bonds deposited with the treasurer of the United States, and real estate held by the bank. The plaintiff claims that, under the decision of this court, the assessment is illegal, the capital stock not being subject to taxation. See *Hubbard* v. *Supervisors of Johnson County*, 23 Iowa, 130.

The defendant maintains that, while the capital of the bank is not subject to taxation as such, yet personal property held by it is liable to taxation, as like property held by other incorporations or citizens of the State, and that all such property or means of the bank, excepting United States bonds, are taxable as personal property. In other words, that the safes, office furniture, cash on hand and due from other banks, bills discounted, etc., etc., which make up what is called assets, are subject to taxation.

The case presents the question as to what extent the national banks are subject to taxation by the State, and involves the construction of the act of congress creating them.

It is proper to remark, that, under the theory of defendant's counsel, which is in effect that the property of the bank should be assessed as other property, his estimate of the amount or value upon which tax should be paid is erroneous and would operate most unjustly. The cash on hand, cash items, bills receivable and amounts due from other banks, under his view of the law, should be assessed as moneys and credits; if that be so, from the amount thereof the *bona fide* debts of the bank, such as the

amount due depositors and the circulation should be deducted. But the bank is charged in making the assessment with all its cash and credits, but no deduction is made for its debts. This is in violation of the rule which is advocated by defendant's counsel.

Section 41 of the act of congress, approved June 3, 1864, authorizing the organization of national banks, provides that, " in lieu of all existing taxes, every association shall pay to the treasurer of the United States " certain duties upon its circulation, deposits, and capital stock not invested in United States bonds, and, in these words, " That nothing in this act shall be construed to prevent all the shares of said associations held by any person or body corporate, from being included in the valuation of the personal property of such person or corporation, in the assessment of taxes imposed by or under State authority, at the place where such bank is located, and not elsewhere, but not at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such State." * * * " *Provided, also,* that nothing in this act shall exempt the real estate of associations from either State, county or municipal taxes to the same extent, according to its value, as other real estate is taxed."

From the payment of what taxes does this act exempt these associations? The language of the act replies in explicit terms, " *all existing taxes,*" that is, all actual assessments for revenue that are denominated taxes. The terms include all State, county and municipal taxes. The power of Congress thus to legislate is not doubted, and we are not aware that it is denied. That such was the intention of Congress is most apparent from the language of the section above quoted, as well as from the context. The shares of the bank, and not estate owned by it, are excepted from the exemption by express words,

and the State is permitted to tax such property. The express grant of this power to tax specific property is conclusive evidence of the intention to withhold the power to tax other property. *Expressio unius est exclusio alterius.* Neither are the taxes from which the banks are exempt such as may be levied upon particular kinds of property or in a particular manner, but all assessments for revenue that may be intended by the general term " taxes " are included within the language of the law.

We conclude, therefore, that no revenue can be collected by a State, county or municipality from banks organized under this act, except by assessments upon their shares and real estate. This conclusion we conceive to be consistent with just and equitable taxation. The shares of the stockholders represent the capital of the institution. To tax the shares and also the property of the bank would be double taxation.

A and B are equal partners in a mercantile firm, with a capital of $100,000 invested in goods. It would be gross injustice to require each partner to pay taxes on $50,000 for his *interest* in the firm, and to tax the firm on $100,000 for the goods in which the capital is invested. Now, the interest which the partner has in the firm is precisely the same that the stockholder has in the bank, which is called *shares.* It would be double taxation and gross injustice to assess taxes on both the shares and the property which those shares represent.

The defendant insists that the plaintiff did not make a proper application to the supervisors for the correction of the assessment roll, and cannot, therefore, have relief in this action. Without determining that such an application was necessary, we find by the evidence that it was made.

The cashier of defendant, upon application of the assessor, rendered a sworn statement, from which the assess-

ment was made. It is claimed by defendant's counsel that plaintiff is thereby estopped to deny the correctness of the assessment and tax; this by no means follows. It does not appear that the cashier intended to bind plaintiff to pay the tax, or if he so intended, that he had the power so to do.

The decree of the District Court is

Affirmed.