# FIRST NATIONAL BANK OF BILLINGS, Appellant, *v.* H. C. PROVINCE, Assessor of Carbon County, Respondent.

[Submitted Jan. 12, 1898.   Decided Jan. 17, 1898.]

## *Taxation—National Banks.*

PERSONAL property owned by a National Bank is not subject to taxation under State laws.

*Appeal . from District Court, Carbon county. Frank Henry, Judge.*

ACTION by the First National Bank of Billings against H. C. Province, assessor of Carbon county, to enjoin the collection of taxes on certain personal property belonging to plaintiff. From a judgment against it for the amount of such taxes and costs, plaintiff appeals. Reversed.

*O. F. Goddard,* for Appellant.

*C. B. Nolan,* Attorney General, and *L. B. Reve,* for Appellee.

PIGOTT, J.—This action was submitted to the District Court of Carbon county upon an agreed statement of facts, showing that plaintiff, a national banking association, having its place of business at Billings, Yellowstone county, Montana, is, and has been since March 1, 1896, the owner of 4,500 sheep, together with some other personal property, such as horses, wagons, and hay, used in the keeping thereof, situate in Carbon county; that defendant, as assessor of Carbon county, in pursuance of Sections 3940 to 3948 of the Political · Code, listed said property for taxation in said county for the year 1896, at a valuation of $8,625, and at the uniform valuation and rate of taxation of other like property for the previous year, the taxes .so

assessed amounting to \$215.62; that plaintiff promptly refused to pay the tax, claiming that the property was exempt because it was the personal property of a national bank; that plaintiff owned no real estate in Carbon county, and that the tax was not a lien on real estate; that, after the refusal of plaintiff to pay the taxes, defendant seized said personal property under the statutory provisions referred to, and advertised it for sale, but was enjoined by said District Court from making the sale until the further order of the court; that plaintiff acquired title to the property from persons indebted to it for money lent who were insolvent, and who surrendered the property to plaintiff in payment of their obligations; and that plaintiff has carried the property upon its books, and treated it as part of its resources; and that the property was not taken or held as an original investment.

Upon this statement, the court was asked to determine whether said personal property was subject to taxation in Carbon county for 1896, and also whether the statutes referred to are constitutional. From a judgment entered July 23, 1897, against plaintiff for the amount of the taxes and costs, plaintiff appealed to this court.

Sections 5214 and 5219 of the Revised Statutes of the United States are as follows :

"Section 5214. In lieu of all existing taxes, every association shall pay to the treasurer of the United States, in the months of January and July, a duty of one-half of one per centum each half-year upon the average amount of its notes in circulation, and a duty of one-quarter of one per centum each half-year upon the average amount of its deposits, and a duty of one-quarter of one per centum each half-year on the average amount of its capital stock, beyond the amount invested in United States bonds."

"Section 5219. Nothing herein shall prevent all the shares in any association from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the state within which the association is located; but the legislature of

each state may determine and direct the manner and place of taxing all the shares of national banking associations located within the state, subject only to the two restrictions, that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state, and that the shares of any national banking association owned by non-residents of any state shall be taxed in the city or town where the bank is located, and not elsewhere. Nothing herein shall be construed to exempt the real property of associations from either state, county, or municipal taxes, to the same extent, according to its value, as other real property is taxed.''

The First Subdivision of Section 3680 of the Political Code of Montana reads :

''The term 'property' includes moneys, credits, bonds, stocks, franchises and all other matters and things, real, personal, and mixed, capable of private ownership; but this must not be construed so as to authorize the taxation of the stocks of any company or corporation when the property of such company or corporation represented by such stocks is within the state and has been taxed.''

Sections 3690 to 3694 of the same code are :

''Section 3690.     All taxable property must be assessed at its full cash value.     Land and the improvements thereon must be separately assessed.

''Section 3691.     The stockholders in every bank or banking association organized under the authority of this state or the United States, must be assessed and taxed on the value of their shares of stock therein, in the county, town, city or district where such bank or banking association is located, and not elsewhere, whether such stockholders reside in such place or not.     To aid the assessor in determining the value of such shares of stock, the cashier or other accounting officer of every such bank must furnish a verified statement to the assessor, showing the amount and number of shares of the capital stock of each bank, the amount of its surplus or reserve fund, the amount of investments in real estate, which real estate must be assessed and taxed as other real estate.

"Section 3692. In the assessment of the shares of stock mentioned in the next preceding section, each stockholder must be allowed all the deductions and exemptions allowed by law in assessing the value of other taxable personal property owned by individual citizens of this state, and the assessment and taxation must not be at a greater rate than is made or assessed upon other moneyed capital in the hands of individual citizens of this state.

"Section 3693. In making such assessment, there must also be deducted from the value of such shares, such sum as is in the same proportion to such value as the assessed value of the real estate of such bank or banking association in which such shares are held, bears to the whole amount of the capital stock of such bank or banking association.

' Section 3694. The shares of the capital stock of banks organized under the laws of the United States, not located in this state, owned by residents of this state, are not subject to taxation.''

This appeal presents but one question the solution of which is necessary to a decision :   Is personal property owned by a national banking association subject to taxation under state laws ?   We are of the opinion that the question must be answered in the negative.

The corporation is the legal owner of all the property of the bank.   The interest of the shareholder is a distinct and independent property, held by him like any other property that may belong to him.   This interest or property of the shareholder ''entitles him to participate in the net profits earned by the bank in the employment of its capital, during the existence of its charter, in proportion to the number of his shares, and, upon its dissolution or termination, to his proportion of the property of the corporation that may remain after the payment of its debts.   *  *  *   Now, it is this interest which the act of congress has left subject to taxation by the states,'' and, in addition thereto, the real property of the corporation.   (*Van Allen* v. *Assessors*, 3 Wall. 573.)

The question here presented has in many cases received careful attention, and has been the subject of well-considered opinions; and the result has been, as we think, a denial of the existence of power in a state to tax personal property of such a corporation. The conclusions reached are based upon the assumption that congress has withheld that power from the states, or, rather, has prohibited them from taxing such personal property. (*Smith* v. *Webb*, 11 Minn. 500 (Gil. 378); *Nat. Bank* v. *Young*, 25 Iowa, 311; *Exchange Nat. Bank* v. *Miller*, 19 Fed. 372; *Covington City Nat. Bank* v. *City of Covington*, 21 Fed. 484; *Consolidated Nat. Bank of Arizona* v. *Pima Co.* (Ariz.) 48 Pac. 291.)

The Supreme Court of the United States has repeatedly declared the personal property of a national bank to be exempt from taxation by the states. (*Rosenblatt* v. *Johnston*, 104 U. S. 462; *Mercantile Bank* v. *City of New York*, 121 U. S. 138, 7 Sup. Ct. 826.) These decisions are binding upon us.

The determination by us of the contention that the statute under which defendant attempted to assess the property is repugnant to the constitution of Montana is rendered unnecessary, and we must therefore decline to express an opinion thereon. (*Chauvin* v. *Valiton*, 7 Montana, 581, 19 Pac. 215.)

The judgment is reversed, and the cause remanded to the District Court, with directions to enter a decree perpetually enjoining defendant from committing the acts threatened by him.

*Reversed and Remanded.*

Pemberton, C. J., and Hunt, J., concur.