DALY BANK AND TRUST COMPANY OF BUTTE, RE-SPONDENT, *v.* BOARD OF COUNTY COMMISSIONERS OF SILVER BOW COUNTY ET AL., APPELLANTS.

(No. 2,144.)

(Submitted June 22, 1905. Decided July 29, 1905.)

*Taxation—Banks—Stock—Exemptions—Solvent   Credits—Constitution.*

Taxation—Trust Companies—Statutes—Constitutionality.
1. Civil Code, section 611, providing that the property of trust deposit and security corporations shall be assessed for purposes of taxation in the same manner as national banks, is, in view of the fact that section 5219 of the United States Revised Statutes limits the right of the state to tax such banks to the taxation of their real estate, and their stockholders, to the shares of capital stock owned by them, repugnant to Article XII, sections 1 and 7 of the Constitution of Montana, in that it exempts the personal property of such companies from taxation.

Taxation—State Banks and Trust Companies—Stock.
2. Since stocks of a state bank or trust company fall within the definition of *property* as given in section 17 of Article XII of the Constitution of this state and in subdivisions 1 and 4 of section 3680 of the Political Code, they must be assessed to the owners at their full cash value, except to the extent that that value is represented in property which is assessed to the bank or trust company.

Taxation—Banks and Trust Companies—Solvent Credits—Deduction of
    Just Debts.
    3.   For the purposes of taxation, a state bank or trust company
    may deduct from its solvent credits its just debts, provided it
    makes the proper return to the assessor, and claims the reduction,
    and otherwise complies with the law; and all its remaining prop-
    erty is subject to taxation, the same as the property of a natural
    person.

Taxation—Banks and Trust Companies—Statutory Construction—Constitu-
    tion.
    4.   The purpose of section 3701, subsection 6, of the Political
    Code, which provides for the taxation of solvent credits, less such
    debts as may be owing by the taxpayer, being merely to ascertain
    the just amount and value of property subject to taxation, in con-
    formity with section 1, Article XII of the Constitution, does not
    have the effect of exempting from taxation property other than that
    enumerated in section 2 of said Article, and said section is therefore
    not unconstitutional.

*Appeal from District Court, Silver Bow County; E. W. Har-
ney, Judge.*

SUBMITTED controversy between the Daly Bank and Trust
Company of Butte and the board of county commissioners of
Silver Bow county and another. From a judgment in favor of
plaintiff, defendants appeal. Affirmed.

*Mr. Albert J. Galen,* Attorney General, *Mr. W. H. Poorman,*
Assistant Attorney General, *Mr. F. W. Mettler,* and *Mr. J.
Bruce Kremer,* for Appellants.

*Mr. A. J. Campbell,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

This controversy was submitted to the trial court under the
provisions of sections 2050, 2051 and 2052 of the Code of
Civil Procedure. The agreed statement sets forth at length
the facts that the Daly Bank and Trust Company is a corpora-
tion organized under the provisions of Chapter I, Title III,
Division I, Part IV, of the Civil Code of Montana, and was
transacting a banking and trust business on the first Monday of
March, 1903. Then follows a statement of the amount of its
capital stock and undivided profits, the names of the stockhold-
ers, and the amount of capital stock owned by each, and a

statement of the bank made on the first Monday of March, 1903, showing its resources and liabilities in detail. It is then set forth that the bank made a return to the assessor as required by the provisions of sections 3691-3694 of the Political Code of Montana; that from this statement it appeared that the amount invested in real estate by the bank was $45,000, and the amount invested in banking furniture and fixtures $4,500; that the surplus and undivided profits amounted to $36,500; that the real estate and personal property was returned as assessable to the bank, and the capital stock, less the amount invested in real estate and personal property, returned as taxable to the several stockholders in proportion to the number of shares owned by each; that this assessment was accepted by the assessor, and spread upon the assessment-roll, passed upon and approved by the board of equalization, the tax extended, the tax-roll turned over to the county treasurer, who demanded and received from the bank and from the stockholders, through the agency of the bank, the taxes assessed upon the property so returned; that thereafter, on December 17, 1903, without giving the bank any notice whatever, the assessor of Silver Bow county, acting under the direction of the board of county commissioners, assessed to this bank solvent credits over and above the original assessment of $1,160,105; that by direction of the board of county commissioners this assessment was returned to the county treasurer, and by him extended on the assessment-roll, and the tax, amounting to $19,257.73, demanded from the bank. This gave rise to this controversy, which was submitted to the district court upon the agreement that, if the court should find that the assessment of $1,160,105 was improperly made, then the tax thereon should be canceled and held void; but in case the court should find that it was properly made, then judgment should be entered against the bank for that amount of the tax. The court found the assessment to be void, and entered judgment canceling the same. From that judgment this appeal is prosecuted.

All parties to the controversy had apparently proceeded upon

the theory that the property of a state bank or trust company can only be taxed in the manner provided by section 611 of the Civil Code. But after the tax had been paid upon the bank's assessment as returned by it, it appears that the board of commissioners entertained some doubt as to whether or not the solvent credits of a state bank or trust company are not also taxable, without any deduction being allowed or permitted for the debts of such bank or trust company, and it was apparently for the purpose of securing an adjudication upon this matter that the assessor was directed to assess to the bank its solvent credits and to direct the treasurer to collect the tax upon the same. While the circumstances attending the making of this supplemental assessment precluded the parties from presenting succinctly the matters actually in controversy, still, by brushing aside all purely technical objections, including the questions as to whether the assessor could make the assessment at the time or in the manner in which he did, whether such assessment could be made without notice to the bank, and whether or not the bank sought to have deducted from its solvent credits its *bona fide* debts or had an opportunity to do so, we are able then to determine that the parties to the agreed statement of facts sought to have settled the question: What property of a state bank or trust company is subject to taxation and in what manner?

The position of respondent is that its property is only assessable in the manner provided by section 611 of the Civil Code; while that of the appellants apparently is that solvent credits of a state bank or trust company are also taxable, and that, too, without any deduction being allowed therefrom for *bona fide* debts. We are unable to agree with either of the parties.

1. Section 611 of the Civil Code provides: "Sec. 611. The property of the corporation organized under this act shall be assessed for taxes in the same manner as the property of national banks, and no other." This section is clearly unconstitutional. In the absence of congressional action, this state could not tax any property of a national bank, and its property can only be

taxed to the extent that the general government has granted to the state permission to do so. Section 5219 of the United States Revised Statutes (U. S. Comp. Stats. 1901, p. 3502) limits that right to taxing to the bank its real estate, and to the stockholders the shares of capital stock owned by them. This excludes from taxation by the state all personal property owned by a national bank. (*First Nat. Bank* v. *Province,* 20 Mont. 374, 51 Pac. 821.) And under section 611, above, all the personal property of a state bank or trust company would likewise be exempt from taxation if a state bank or trust company can only be taxed in the manner in which a national bank is taxed. But this exemption, as applied to the personal property of a state bank or trust company, is in direct contravention of sections 1 and 7 of Article XII of the Constitution of Montana, which provide:

"Section 1. The necessary revenue for the support and maintenance of the state shall be provided by the legislative assembly, which shall levy a uniform rate of assessment and taxation, and shall prescribe such regulations as shall secure a just valuation for taxation of *all property,* except that specially provided for in this article."

"Section 7. The power to tax corporations or corporate property shall never be relinquished or suspended, and all corporations in this state, or doing business therein, shall be subject to taxation for state, county, school, municipal and other purposes, on real and personal property owned or used by them and not by this Constitution exempted from taxation." (See, also, *Northwestern Life Ins. Co.* v. *Lewis and Clark County,* 28 Mont. 484, 98 Am. St. Rep. 572, 72 Pac. 982.)

What property of a state bank or trust company, then, is subject to taxation? Section 1 of Article XII, above, provides that the legislative assembly shall prescribe such regulations as shall secure a just valuation for taxation of *all* property, except that particularly exempted; and section 7 of Article XII, above prescribes that every corporation shall be subject to taxation on real and personal property owned or used by it, and not exempt

from taxation; while section 3670 of the Political Code provides that "all property in this state is subject to taxation, except as provided in the next section." The next section referred to merely contains exemptions mentioned in section 2 of Article XII of the Constitution. These are general provisions, and are limited by section 17 of Article XII, which provides: "Sec. 17. The word property, as used in this article, is hereby declared to include moneys, credits, bonds, stocks, franchises and all matters and things (real, personal and mixed) capable of private ownership, but this shall not be construed so as to authorize the taxation of the stocks of any company or corporation when the property of such company or corporation represented by such stocks is within the state and has been taxed."

The meaning of this last section is clear: To the extent that the capital stock is represented by property belonging to the state bank or trust company, and which property is liable to taxation, to that extent the stock of that bank or trust company is not taxable. The real and personal property of a state bank or trust company is to be assessed as are the same kinds of property belonging to natural persons. "All taxable property must be assessed at its full cash value." (Section 3690, Political Code.) Stocks of a state bank or trust company fall within the definition of the term "property" as given in section 17 of Article XII of the Constitution above, and in section 3680, subdivisions 1 and 4 of the Political Code, and are to be assessed to the owners at their full cash value, except to the extent that that value is represented in property which is assessed to the bank or trust company. (Section 17, Article XII, above.)

Section 3693 of the Political Code was doubtless intended to direct the method of assessing the stocks of a state bank or trust company in conformity with section 17 of Article XII above, but it fails to do so. However, as that section of the Constitution is in the nature of a prohibition, it is so far self-executing as to prohibit the assessment upon the stocks of a bank or trust company of any greater valuation than the full cash value of such stocks, less the amount of the property repre-

senting that stock, which is assessed to the bank or trust company itself.

2. The only other question presented is: May a state bank or trust company offset, as against its solvent credits, its genuine debts, as provided by section 3701 of the Political Code? That section provides: "Sec. 3701.  He [the assessor] must require from each person a statement under oath, setting forth specifically all the real and personal property owned by such person, or in his possession, or under his control, at twelve o'clock M. on the first Monday in March.  Such statement must be in writing showing separately * * * (3) All property belonging to, claimed by, or in the possession or under the control or management of any corporation of which such person is president, secretary, cashier or managing agent. * * * (6) All solvent credits, secured or unsecured, due or owing to such person, or any firm of which he is a member, or due or owing to any corporation of which he is president, secretary, cashier or managing agent, deducting from the sum total of such credits only such debts, secured or unsecured, as may be owing by such person, firm or corporation.  No debt is to be deducted unless the statement shows the amount of such debt, as stated under oath, in the aggregate.  In case of banks, the statement is not required to show the debts in detail, or to whom it is owing; but the assessor has the privilege of examining the books of such banks to verify such statement."  This is a general provision applicable alike to all taxpayers, whether natural persons or corporations. (*Commonwealth* v. *St. Bernard Coal Co.*, 10 Ky. Law Rep. 596, 9 S. W. 709; *McAden* v. *Commissioners*, 97 N. C. 355, 2 S. E. 670.)

But it is contended that the effect of this statute is to exempt from taxation property other than that enumerated in section 2 of Article XII of the Constitution, and, as the provisions of the Constitution are declared to be mandatory and prohibitory, the enumerations in that section are exclusive of any other; and while at first blush it might seem that the provision in section 3701, subdivision 6, has the effect of creating exemptions,

as a matter of fact it does not. The purpose of that section is merely to ascertain the just amount and value of property for the purpose of taxation, in conformity with the provisions of section 1, Article XII above, which authorizes the legislature to make regulations such as shall secure a just valuation of all property. The decisions of courts are practically uniform in holding that statutes of this character do not have the effect of exempting property from taxation, and are not unconstitutional. (1 Cooley on Taxation, 3d ed., 269, and cases cited.)

The result of our deliberations is that a state bank or trust company may deduct from its solvent credits its just debts, which debts are defined by the Code, provided it makes the proper return to the assessor, and claims the reduction, and otherwise complies with the law; that when this is done all of its remaining property is subject to taxation, the same as the property of a natural person; and, finally, the stock is taxable to the owners at its full cash value, less the amount of taxable property of the bank or trust company representing such stock.

While the result reached is not in accord with the contention of either of the parties to this controversy, we are of the opinion that the district court committed no error in its judgment, and the judgment is therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.