STONER, APPELLANT, *v.* TIMMONS ET AL., RESPONDENTS.

(No. 4,645.)

(Submitted January 4, 1921. Decided February 10, 1921.)

[196 Pac. 519.]

*Taxation of Real Property Only for Public Purpose—Statutes —Invalidity—Constitution.*

1. *Held,* that Chapter 89, Laws of 1919, providing for the classification of lands for taxation purposes, and authorizing the creation of a county fund to be raised by the annual levy of a tax upon real property only, is invalid as in contravention of the constitutional requirement that all property as described in section 17, Article XII, of the Constitution (except such as is specifically exempted by section 2 thereof) shall be taxed for public purposes.

*Appeal from District Court, Sheridan County; E. C. Comer, Judge.*

ACTION by Clair Stoner for injunction against defendants J. C. Timmons and others, constituting the board of commissioners of Sheridan County, Rex M. Movius, its treasurer, and Lockwood & Blakeslee, to restrain them from carrying out the provisions of a contract entered into by them pursuant to the provisions of Chapter 89, Laws of 1919. Judgment for defendants. Plaintiff appeals. Reversed.

*Messrs. Onstad & Greer,* for Appellant, submitted a brief; *Mr. John G. Brown,* of Counsel, argued the cause orally.

*Mr. Howard M. Lewis,* for Respondents, submitted an original and a supplemental brief; *Mr. Wm. T. Pigott,* of Counsel, argued the cause orally.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

Action brought by appellant praying for injunction restraining respondents from carrying out, or attempting to carry out,

---

1. Classification of subjects of taxation as affected by constitutional requirement of uniformity, see note in 1 Ann. Cas. 638.

the provisions of a certain contract for the classification of lands in Sheridan county, made pursuant with the provisions of Chapter 89 of the Laws of the Sixteenth Legislative Assembly. The constitutionality of the Act is questioned. It is assailed upon several grounds, only one of which we deem meritorious, which involves the question: Can a tax for a public purpose be levied only upon real estate?

Section 4 of the Act provides: "The board of county commissioners shall create and establish a fund to be known as the 'Classification Fund.' All warrants drawn in payment of work and labor performed, or in payment of services rendered under any contract, for the classification of land in any county, shall be drawn on the 'Classification Fund.' The board of county commissioners of each county shall levy annually a tax not to exceed one mill upon the real property situate in said county, which shall be levied and collected in the same manner as other taxes. All moneys collected in pursuance of the aforesaid levy shall be by the county treasurer deposited to the credit of the 'Classification Fund' and shall not be used for any purpose other than as herein provided. Whenever the classification of all lands in any county shall have been completed and all warrants drawn upon the classification fund shall have been paid, the special levy herein provided shall cease and shall not be made by the board of county commissioners."

While it may be conceded, as has heretofore been held by this court, that there may be a classification of property for taxation purposes, and that there may be a discrimination in favor of one class as against another (*Hilger* v. *Moore,* 56 Mont. 146, 182 Pac. 477), yet this case does not involve a mere classification, but, in effect, an exemption from taxation of all personal property.

We are not unmindful of the fact that in a former decision of this court it was held that the levy of a tax exclusively upon agricultural lands for the purpose of construction of a terminal

elevator is not violative of the uniformity provision of the Constitution. (*State ex rel. Lyman* v. *Stewart*, 58 Mont. 1, 190 Pac. 129.) That decision was based upon the proposition that the state may classify persons and objects for the purpose of legislation, and it is apparent that the question of the law being in contravention of the Constitution by reason of exemption from taxation of property other than real estate, was overlooked and not considered. The opinion in that case was grounded upon the former decisions of this court in *Hill* v. *Rae*, 52 Mont. 378, Ann. Cas. 1917E, 210, L. R. A. 1917A, 495, 158 Pac. 826, known as the *Farm Loan Case,* and *Cunningham* v. *Northwestern Improvement Co.*, 44 Mont. 180, 119 Pac. 554, known as the *Accident Insurance and Disability Fund for Miner's Case.* In neither one of these cases was the question of taxation of one class of property, to the entire exclusion of any other class, considered. In each case reference was had only to classification of persons and objects. There is a marked distinction between making a classification of objects of taxation, and the taxation of one particular class of property to the exclusion of other classes of property.

Section 1, Article XII, of the Constitution, provides that the legislature "shall prescribe such regulations as shall secure a just valuation for taxation of *all property.* Section 16, Article XII, of the Constitution, provides that *all property* shall be assessed in the manner prescribed by law. Section 17, Article XII, Constitution, provides that: "The word property as used in this Article is hereby declared to include moneys, credits, bonds, stocks, franchises and all matters and things (real, personal and mixed) capable of private ownership, but this shall not be construed so as to authorize the taxation of the stocks of any company or corporation when the property of such company or corporation represented by such stocks is within the state and has been taxed." Section 2, Article XII, provides what property may be exempt from taxation, in the following language: "The property of the United States, the state,

counties, cities, towns, school districts, municipal corporations and public libraries shall be exempt from taxation; and such other property as may be used exclusively for agricultural and horticultural societies, for educational purposes, places for actual religious worship, hospitals and places of burial not used or held for private or corporate profit, and institutions of purely public charity may be exempt from taxation.''

Reading the Constitution as a whole, it appears that it was the intent of the framers of the Constitution that all property as described by section 17 should be taxed for public purposes, except such as is specifically exempted by section 2. Section 9, Article XII, Constitution, was expressly amended in 1910, whereby a special levy could be made upon livestock exclusively, for certain purposes, and without the amendment such levy could not be made. Any tax levied exclusively upon one class of property, necessarily in its effect works an exemption of all other classes, and is therefore void except in the case of special taxation of livestock as above mentioned.

The rule herein set forth is supported by the case of *Daly Bank & Trust Co.* v. *Board of Commissioners,* 33 Mont. 101, 81 Pac. 950. The Daly Bank & Trust Company was a banking corporation organized under the laws of this state, and it was provided by statute that the property of such a corporation should be assessed for taxes in the same manner as the property of national banks, and in no other way. National banks were assessed only upon real estate and not upon personal property. This court, in disposing of the case, held that such statute was in contravention of section 1, Article XII, of the Constitution, providing that the legislature ''shall prescribe such regulations as shall assure a just valuation for taxation of *all property.''* The conclusion was reached upon the theory hereinbefore set forth, that taxation of real estate alone necessarily involves exemption of personal property, and therefore the tax is not levied upon all property as required by the provisions above mentioned.

As the Act in question exempts all personal property from taxation for the purposes of the Act, it is for this reason unconstitutional and void. Upon this question, the case of *State ex rel. Lyman* v. *Stewart, supra,* is hereby expressly overruled.

The judgment is reversed with directions to the trial court to issue the injunction. Appellant is awarded his costs, except expense of printing the transcript, which printing in this case was not required by the rule of this court.

*Reversed with directions.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER and GALEN concur.

MR. JUSTICE HOLLOWAY takes no part in this decision.