J. J. SCHLADWEILER, as County Assessor of Golden Valley County, et al., Plaintiffs and Respondents, v. STATE BOARD OF EQUALIZATION, et al., Defendants and Appellants, and BEAVERHEAD COUNTY, et al., Intervenors.

No. 9685.
Submitted January 25, 1957. Decided February 6, 1957.
206 Pac. (2d) 673.

14

Mr. Arnold H. Olsen, Mr. Forrest H. Anderson, Attys. Gen., Mr. William F. Crowley, Asst. Atty. Gen., Mr. H. O. Vralsted, Mr. H. J. Pinsoneault and Mr. Leif Erickson, Special Asst. Attys. Gen., Mr. P. J. Gilfeather, Deputy County Attorney, Great Falls, Mr. J. W. Hall, County Atty., Chester, for appellant.

Mr. Ralph J. Anderson and Mr. Stanley P. Sorenson, Helena, for respondent.

Mr. Erickson, Mr. Vralsted, Mr. Anderson argued orally.

MR. JUSTICE BOTTOMLY:

This action was brought by plaintiff as an individual and taxpayer on behalf of himself and other taxpayers of the State of Montana similarly situated, for injunction against defendants, to restrain them from carrying out the provisions of chapter 198, Laws of 1955, now R.C.M. 1947, sections 84-429.1 to and including 84-429.6. Some of the counties of the state were allowed to intervene.

The trial was had before the judge, without a jury. The lower court found in favor of plaintiffs and against defendants and interveners, and entered judgment ordering, adjudging and decreeing that chapter 198, Laws of 1955, is void as contrary to and in violation of the Constitution of the State of Montana, and permanently enjoined and restrained the defendants from doing any acts or things outlined and required to be done by said chapter 198, Laws of 1955. From the judgment defendants have appealed.

The constitutionality of the act is questioned. The act is questioned upon several grounds. We deem only one of them to be

meritorious. The attack upon the act requires the answering of the question: Can a tax for a public purpose be levied only upon real estate, thereby exempting personal property?

Section 2 of the purported chapter 198, Laws of 1955, provides:

"The board of county commissioners shall create and establish a fund to be known as the 'classification and appraisal fund', and may levy annually a tax not to exceed *one-half* (½) *mill upon all real property in the county subject to taxation,* the proceeds of which shall be deposited by the county treasurer to the credit of such fund, and any balance unexpended at the end of any fiscal year shall remain in such fund and be available to carry out the provisions of this act. All costs and expenses incurred by the board of county commissioners for such work, labor, services and supplies required by this act, shall be paid by warrants drawn on said fund on claims approved by said board; and the board of county commissioners is hereby authorized to declare an emergency and issue such warrants in the manner provided by section 16-1907 of the Revised Codes of Montana of 1947." (Emphasis supplied.)

The main contention of defendants is that said act is a classification act and therefore is constitutional.

The contention of plaintiff is that the act provides for the levy to be made only on *real property,* thereby exempting all personal property, and therefore violates the State Constitution.

It is very apparent that section 2 of chapter 198, supra, was carefully drawn to conform with section 4 of chapter 89, Laws of 1919, which said chapter 89, Laws of 1919, was by this court held to be unconstitutional and void, in the case of Stoner v. Timmons, 59 Mont. 158, 196 Pac. 519. We are now asked by defendants to overrule the Stoner v. Timmons decision.

Here we have a purported act which taxes for a public purpose, one class of property only and entirely excludes and exempts all other classes of property. This is the identical situation presented in the Stoner case, supra, and in which this court struck down the offending act as unconstitutional and void.

This court, in Stoner v. Timmons, reviewed the applicable constitutional provisions and we deem it unnecessary to again set them forth.

Section 2 of article XII, of the Constitution of Montana, explicitly provides the property that *is exempt* and the kind of *property that may be exempted from taxation,* none of which is involved herein.

The constitutional provisions are mandatory and prohibitory. Article III, section 29.

It is obvious that the intention of the constitutional fathers was to make certain that *all property,* as defined in section 17 of article XII, be taxed for any public purpose excepting only such property as set forth and mentioned in section 2 of article XII. Compare Daly Bank & Trust Co. v. Board of County Commissioners, 33 Mont. 101, 105, 81 Pac. 950.

It is not what has been done, but what may be done under an act that controls.

It is significant to note, that in order to make an exception from this well recognized rule, the Legislature submitted to the people an amendment to section 9 of article XII, of our Constitution, being chapter 4, Laws of 1909, in order to legalize a special levy and tax upon livestock only, which amendment was approved by the people and became effective by the proclamation of the governor December 6, 1910. Without this amendment of our fundamental law, such a levy would be void.

Since the purported chapter 198, Laws of 1955, exempts all personal property from taxation for the purposes therein set forth, it is for that reason unconstitutional and void. We reaffirm our holding in Stoner v. Timmons, supra.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES CASTLES, ANGSTMAN and ADAIR, concur.