<div style="margin-left:2em; font-style:italic">2. FORMER adjudication: notice : evidence.</div>

AFFIRMED.

---

WORTHINGTON v. WHITMAN, EX'R.

1. **Taxation:** ASSESSMENT NECESSARY: ATTEMPT TO COLLECT WITHOUT ASSESSMENT. The taxing power can be enforced only in accordance with the forms of law, and an assessment by legal authority is an indispensable step in the exercise of that power. Hence, where the board of supervisors, discovering that no assessment had been made, passed a resolution as follows: "The assessor having failed to assess the personal estate of R., the treasurer is instructed to present a bill for the taxes in said estate to the executor for the year 1884," *held* that the executor could not, under such proceedings, be compelled to pay taxes on such estate, and that an action therefor would not lie.

*Appeal from Polk Circuit Court.*

WEDNESDAY, OCTOBER 21.

ACTION to recover for an alleged tax. There was a judgment for the plaintiff for $904.80. The defendant appeals.

*St. John & Whisenand*, for appellant.

*Geo. F. McClelland*, for appellee.

ADAMS, J.—The plaintiff is treasurer of Polk county, and as such brings this action to recover an alleged tax of the defendant, as executor of the will of Harriet L. Rollins, deceased. The facts appear from the finding of the court to be substantially as follows: Harriet L. Rollins, a resident of Polk county, died in May, 1884, seized of a considerable amount of personal property which was taxable in that county. What the value was does not appear, but it was of such value that the assessor would have been justified in assessing it as of the value of $17,400, according to the valuation placed by him upon other like property that year. If it had been so assessed, the tax upon the property would have been $904.80, according to the rate levied upon other property. No assessment in fact, however, was made. The board of supervisors, having discovered that no assessment was made, passed a resolution in the following words: "The assessor having failed to assess the personal estate of Mrs. H. L. Rollins, the treasurer is instructed to present a bill for the taxes on said estate to the executor for the year 1884." Whether such bill was presented for voluntary payment does not appear, but it was filed as a claim against the estate, and the allowance of it was objected to by the executor. The court made an order of allowance of the full amount claimed, and the question presented is as to the correctness of the order.

In our opinion it cannot be sustained. It is not enough that the alleged tax is the proportionate part of the burden

which the estate of the deceased might properly have been called upon to bear. The taxing power can be exercised only in accordance with the forms of law. *Joyner v. Third School District in Egremont*, 3 Cush., 567. The assessment or recorded valuation of property by the officer or officers having power to make such assessment or recorded valuation, is an indispensable step in the exercise of the taxing power. Such recorded valuation constitutes the basis of the levy, and without it there cannot properly be a levy. It is the tax-payer's right to have the amount of his tax entered upon the record provided by law for the same, that he may know in advance the amount which can be collected, and govern himself accordingly. As he cannot escape liability by tendering his just proportion of the public burden if the amount tendered is less than the tax levied in accordance with the forms of law, so, on the other hand, the government cannot demand more than the amount thus levied, though less than the tax-payer's just proportion.

<div align="right">REVERSED.</div>