STATE EX REL. CITY OF BUTTE, APPELLANT, v. JOHN-
SON, COUNTY CLERK, RESPONDENT.

[Submitted September 23, 1895.  Decided September 26, 1895.]

TAXATION—*Assessment.*—An assessment is completed when the persons and property
to be taxed have been listed and the sums which are to constitute the basis of an ap-
portionment have been estimated.

SAME—*Completion of assessment by city.*—Under a statute (Political Code, §§ 4872, 4862)
requiring city councils, on the second Monday in August of each year, to determine
by resolution the amount of city taxes to be levied and assessed by the city for the
current year, and making the county assessment the basis of taxation, the assessment
of property in a city is not completed until the date of the resolution of the city coun-
cil fixing and levying the amount of taxes to be levied and assessed for such year.

SAME—*Extending city taxes on tax list.*—Where the assessment of property in a city was
not completed until the second Monday of August, 1895, the assessment is not within
§ 4017 of the Political Code (adopted July 1, 1895,) providing that all taxes assessed be-
fore that code took effect must be collected under the laws in force at the time the
assessment was made, and therefore it is the duty of the city treasurer, and not of
the county clerk, to extend the city taxes on the county tax list, as provided by §§
4867, 4868, 4872 of the Political Code.

*Appeal from Second Judicial District, Silver Bow County.*

APPLICATION for writ of mandate to compel the defendant as
county clerk to extend the taxes of the city of Butte for the
year 1895 on the county tax list.   Judgment was rendered for
the respondent below by SPEER, J.   Affirmed.

*L. J. Hamilton,* for Appellant.

*Henri J. Haskell,* Attorney General, for Respondent.

PEMBERTON, C. J.—This is an application for a writ of
mandamus.   Omitting the formal parts, the application for
the writ, in substance, alleges that the city council of the city
of Butte, as empowered by law, on the 12th day of August,
1895, duly determined by resolution the amount of city taxes
to be levied and assessed for all purposes for the current year
1895 on the taxable property in said city; that the clerk of
said city at once certified to said respondent, as county clerk,
the amount of city taxes, for all purposes, so determined by
said city council; that by said resolution the city council fixed

and determined the amount of city taxes, for all purposes, to be assessed and levied upon the taxable property in said city of the year 1895; that said respondent, as such county clerk, failed and refused to extend the city taxes on the tax list of said county for said year, as it was his duty to do; that said respondent claims that it is not his duty, as county clerk, to extend said city taxes for said year on the county tax list, but that, under the law, it is the duty of the city clerk to certify the amount of city taxes fixed and levied by said council to the city treasurer, and that it is the duty of the city treasurer, under the law, to extend said city tax roll on the tax book for said year.

The respondent, on being served with the alternative writ of mandamus issued in the case, demurred to the application. The court sustained the demurrer, dismissed the application, and rendered judgment against the relator for costs. From this action and judgment the relator appeals.

The question presented by this appeal is this : Is it the duty of the city treasurer of the city of Butte, or of the respondent, as clerk of the county of Silver Bow, to extend the taxes of said city for said year on the tax list or book ?

Section 4017, Political Code, provides : "All taxes assessed before the provisions of this title take effect must be collected under the laws in force at the time the assessment was made, and in the same manner as if this Code had not been passed."

Section 4872, Id., reads as follows : "The council must, on the second Monday in August in each year, by resolution determine the amount of city or town taxes for all purposes, to be levied and assessed on the taxable property in the town or city, for the current year, and the city clerk must at once certify to the city treasurer a copy of such resolution, and the city treasurer must collect the taxes as in this article provided."

Section 4862, Id., makes the assessment by the county assessor for county purposes the basis of taxation for cities and towns.

The first question that presents itself is, when was the prop-

erty in the city of Butte assessed? That is, when was the assessment completed? As to when an assessment is made, Judge Cooley, in his work on Taxation, at pages 351, 352 (2d Ed.), says: "An assessment, strictly speaking, is an official estimate of the sums which are to constitute the basis of an apportionment of a tax between the individual subjects of taxation within the district. It does not, therefore, of itself, lay the charge upon either person or property, but it is a step preliminary thereto, and which is essential to the apportionment. As the word is more commonly employed, an assessment consists in the two processes of *listing* the persons, property, etc., to be taxed, and of *estimating* the sums which are to be the guide in an apportionment of the tax between them. When this listing and estimate are completed in such form as the law may have prescribed, nothing remains to be done, in order to determine the individual liability, but the mere arithmetical process of dividing the sum to be raised among the several subjects of taxation, in proportion to the amounts which they are respectively assessed." See 1 Desty on Taxation, § 93, to the same effect.

Under this view of the law, the assessment was not made or completed until the 12th day of August, 1895,—the date of the resolution of the city council fixing and levying the amount of taxes to be levied and assessed for said year. If the assessment was not made until the date of the resolution of the city council, then, under section 4872, *supra*, it became and was the duty of the city clerk to certify the action and resolution of the city council to the city treasurer, whose duty it then became to collect the city taxes. No section of the law to which our attention has been called requires the city clerk to certify the resolution of the city council fixing, assessing and levying city taxes to the county clerk. It is the duty of the county clerk, on or before the first Monday in October, to make a duplicate of the Corrected Assessment Book for each town or city in the county, which must contain a copy of the Corrected Assessment Book for such town or city. Such duplicate book must be made in a book furnished by the city

or town clerk of each city or town in the county, and ruled in columns, specifying the different funds, so that the city or town treasurer may extend the same, and collect the taxes. Sections 4867, 4868, Political Code. These sections seem conclusive that it is the duty of the city treasurer, and not the county clerk, to extend the city taxes on the tax list or book.

Upon the question of extending the tax, Judge Cooley says: "The subjects of taxation having been properly listed, and a basis for apportionment established, nothing will remain to fix a definite liability, but to extend upon the list or roll the several proportionate amounts, as a charge against the several taxables. When that is done, but not until then, will a liability for any particular sum be fixed. When the sum to be raised is settled, and the assessment is completed, the calculation of the percentage of the tax, and the determination of the sum chargeable to each taxable, are clerical acts, and may be performed by any one." (Cooley on Taxation (2d Ed.), page 423.)

The law provides that taxes levied for each year shall be liens upon the property taxed, and shall take effect as of the first Monday of March of each year. (Political Code, §§ 3827-3829.) This character of legislation is in force in many of the states of the union. Judge Cooley says: "The time when the lien will attach to land must be determined by the terms of the statute. Sometimes the statute names a day as that from and after which the tax shall be a lien, and when that is done it may determine, as between subsequent purchasers and incumbrances, the liability for the tax." (Cooley on Taxation (2d Ed.), page 447, and authorities cited in note.) But the question as to when taxes become a lien upon property is unimportant in the discussion of the questions involved in this appeal. The only question presented for our determination now is as to whose duty it is to extend the city taxes of the city of Butte on the tax book for the year 1895.

From a consideration of the law and the authorities referred to above, we are of opinion that it is the duty of the city treasurer of the city of Butte. The judgment of the court is therefore affirmed.

*Affirmed.*

DE WITT and HUNT, JJ., concur.