CLARK ET AL., APPELLANTS, *v.* MAHER, TREASURER, ET AL., RESPONDENTS.

(No. 2,311.)

(Submitted October 3, 1906. Decided October 22, 1906.)

*Taxation — Assessment — Banks — Constitution — Statutes — Injunction.*

Taxation—Banks—Deduction of Deposits—Statutes.
  1.  The provisions of section 3695, subdivision 8, Political Code, providing for a deduction of deposits (debts) in the hands of private bankers for purposes of taxation, from moneys on hand and in transit, and that only deposits other than current deposits may be deducted from bills and accounts receivable and other credits, and those of section 3701, authorizing any taxpayer to deduct from his credits all debts then owing by him, which section is applicable alike to all taxpayers, whether natural persons or corporations, are in direct conflict, and therefore, under section 5165 of the same Code, the latter must prevail.

Same—Banks—Assessment—Constitution—Statutes.

2. That portion of subdivision 8 of section 3695, Political Code, granting to private bankers the right to deduct their deposits (debts) from moneys on hand, for purposes of assessment, is violative of Article XII, sections 11 and 16, providing, respectively, that taxes "shall be uniform upon the same class of subjects," and that "all property shall be assessed in the manner prescribed by law," etc.

Same—Banks—Assessment—Deduction of Deposits—Demand.

3. Where a bank had made timely demand to have its deposits (debts) deducted from its credits, for assessment purposes, it was entitled to such deduction, under Political Code, section 3701, although it mistakenly also requested a like deduction from the moneys on hand, under subdivision 8, section 3695 of the same Code.

Same—Duty of Assessor.

4. It is the duty of the assessor to make an assessment according to law, and not in accordance with what the person whose property is about to be assessed thinks the law is or ought to be.

Same—Banks—Credits.

5. Moneys due from other banks or bankers are credits within the definition of that term in section 3680 of the Political Code.

Same—Valid Assessment—Requisites.

6. A valid assessment is an indispensable prerequisite to a valid tax; and in order that an assessment may be said to be valid, there must have been a listing of persons and property, and an estimating and fixing of the value of the property.

Same—Assessment—By Whom It Must be Made.

7. An assessment may only be made by the officers charged with that duty, and cannot be made by the court.

Same—Banks—Assessment.

8. The fact that a bank had moneys on hand and in transit to the amount of $403,869.27, subject to taxation, but which sum was not assessed under a mistaken idea of the law, did not justify the imposition of taxes upon $1,529,940 credits, of which amount, after deduction of the bank's just debts, nothing remained liable to taxation.

Same—Banks—Assessment—Collection—Tender—Injunction.

9. Because a bank had not paid or offered to pay taxes upon moneys on hand and in transit, not assessed to it, the remedy of injunction to restrain the collection of taxes illegally levied upon other of its property, not subject to taxation, may not be denied it, since, an assessment by the proper officers being necessary to a tax and none having been made, there was nothing for it to pay or tender.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by W. A. Clark and another for injunction against James Maher, treasurer of Silver Bow county and another. From a judgment in favor of defendants, plaintiffs appeal. Reversed and remanded.

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General, for Respondents.

In support of the proposition that the law authorizing the deduction of debts from money, under constitutional provisions similar to those in this state, is unconstitutional, we submit the following authorities: *Pullman State Bank* v. *Manring,* 18 Wash. 250, 51 Pac. 465; *Treasurer* v. *Bank,* 47 Ohio St. 503, 25 N. E. 697, 10 L. R. A. 196; *Morris* v. *Jones,* 150 Ill. 542, 37 N. E. 928; *Clark* v. *Carter,* 40 Ind. 190; *Detroit etc. Ry. Co.* v. *Common Council,* 125 Mich. 673, 84 Am. St. Rep. 589, 85 N. W. 103; *Hubbard* v. *Brush,* 61 Ohio St. 252, 55 N. E. 831; *State* v. *Duluth etc. Ry. Co.,* 76 Minn. 96, 78 N. W. 1032, 57 L. R. A. 63; *Henderson Bridge Co.* v. *Commonwealth,* 99 Ky. 623, 31 S. W. 491, 29 L. R. A. 73.

Because a person who borrows one thousand dollars and gives his note for it, is subject to assessment on such thousand dollars, if still owned by him or in his possession or control on the first Monday of March, and the person to whom he gave the note is also subject to assessment on such note as a credit, is no argument against the constitutionality of the law upon the ground that the same is double taxation, for it has been said that "The power to tax twice is as ample as to tax once." (See Cooley on Taxation, 3d ed., pp. 389-394, and cases cited; *Mackay* v. *City and County of San Francisco,* 113 Cal. 392, 45 Pac. 698; *Goldgart* v. *People,* 106 Ill. 25; *People* v. *Worthington,* 74 Am. Dec. 95, note.)

Appellants in the case at bar did not make a proper return to the assessor even under section 3695 of the Political Code, nor comply with such law, therefore they are not entitled to deduction of debts from credits under that section; nor did they make proper return to the assessor under section 3701, nor comply with such law, for under such section they could deduct debt only from credits, while in fact, they did more than that. Not having properly returned their property to the assessor and having failed to comply with the law in claiming deductions, they are not in position to complain, if credits,

which their list as returned to the assessor shows they owned, were assessed to them. (*San Francisco* v. *Flood,* 64 Cal. 506, 2 Pac. 264; Cooley on Taxation, 3d ed., p. 619.)

The bank never tendered the tax on the $403,869.27 or on any amount greater than $72,390, and is not, therefore, in position to maintain an action in equity, and its application for injunction should be denied upon that ground alone. (*National Bank* v. *Kimball,* 103 U. S. 732, 26 L. Ed. 469; *Reynolds* v. *Bowen,* 138 Ind. 434, 36 N. E. 756; *Casey* v. *Wright,* 14 Mont. 315, 36 Pac. 191.)

In support of the general rule to the effect that the collection of taxes should not be enjoined for mere irregularities, such as appear in this case, and especially where the party complaining is responsible therefor, and his substantial rights not affected thereby, see *Reynolds* v. *Bowen,* 138 Ind. 434, 36 N. E. 757; *Otoe Co.* v. *Brown,* 16 Neb. 394, 398, 20 N. W. 641; *Wilson* v. *Wheeler,* 55 Vt. 446; *Beers* v. *People,* 83 Ill. 488; *City of Auburn* v. *Y. M. C. A.,* 86 Me. 244, 29 Atl. 992; *Lewis* v. *Town of Eastfall,* 44 Conn. 477; *Spear* v. *Town of Braintree,* 24 Vt. 414; *Sprague* v. *Bailey,* 36 Mass. 436, 19 Pick. 436; Pol. Code, sec. 4014

So long as the list returned by the appellants shows property subject to taxation, the failure to incorporate it in detail or in technical terms on the assessment-book will not invalidate the assessment, and especially so when the appellants were not misled in the matter. (*Lewis* v. *Town of Eastford,* 44 Conn. 477; *City and County of San Francisco* v. *Pennie,* 93 Cal. 465, 29 Pac. 66; *Dear* v. *Weineke,* 94 Cal. 322, 29 Pac. 646; Pol. Code, Div. IV, sec. 3724.)

*Mr. W. M. Bickford,* and *Mr. Geo. F. Shelton,* for Appellants.

Assessments made by officers or boards other than those invested with the power to make them are, as a general rule, illegal and void. (27 Am. & Eng. Ency. of Law, 699; *Powder River Cattle Co.* v. *Custer County,* 45 Fed. 327; *Clunie* v.

*Siebe,* 112 Cal. 593, 44 Pac. 1064; *Burton Stock-Car Co.* v. *Traeger,* 187 Ill. 9, 58 N. E. 418.   See, also, *Gwynn* v. *Dierssen,* 101 Cal. 563, 36 Pac. 103.)   "One who, by mistake of his rights, returns to the assessors as liable for taxation a list of property which by law is exempt, is not thereby estopped to claim an abatement of the tax." (*Wilmington* v. *Ricaud,* 90 Fed. 214, 32 C. C. A. 580.)

The court, in the absence of a constitutional provision authorizing such action, cannot increase an assessment or assess property not assessed by the assessor. (*State Railroad Tax Cases,* 92 U. S. 575, 23 L. Ed. 663; *Heine* v. *The Levee Commissioners,* 19 Wall. 660, 22 L. Ed. 226; *Rees* v. *Watertown,* 19 Wall. 107, 22 L. Ed. 72; *Monroe* v. *Town of New Canaan,* 43 Conn. 309; *Keokuk & H. Bridge Co.* v. *People,* 185 Ill. 276, 56 N. E. 1049; *Hulbert* v. *People,* 189 Ill. 114, 59 N. E. 567.)

Money and cash items were not assessed by the assessor, and, therefore, no tax was due thereon.   An assessment was absolutely necessary, and without it the whole proceeding was void. (1 Cooley on Taxation, 596, 597, above quoted; *Birney* v. *Warren,* 28 Mont. 68, 72 Pac. 293; *Lake County* v. *Mining Co.,* 66 Cal. 17, 4 Pac. 876; *People* v. *Weaver,* 100 U. S. 545, 25 L. Ed. 707; *Commonwealth* v. *Lehigh etc. Nav. Co.,* 104 Pa. St. 89.)

To render an assessment list legal and valid, every article therein specified must appear on the face of such list to be legally subject to taxation. (*Adam* v. *Litchfield,* 10 Conn. 126; *Whittlesey* v. *Clinton,* 14 Conn. 75; 1 Desty on Taxation, 564; *Green* v. *Craft,* 28 Miss. 70; *Kelsey* v. *Abbott,* 13 Cal. 609; *People* v. *Seymour,* 16 Cal. 332, 76 Am. Dec. 521; 1 Cooley on Taxation, 596, 597.)

A tax lien is entirely the creature of statute.   The lien does not arise by implication from the power to tax, but must be given by the statute, and cannot be extended by implication. This is expressly held by this court in the case of *Walsh* v. *Croft,* 27 Mont. 407, 71 Pac. 409.   The obligation to assess property creates no lien.   This was laid down, not only in the case of *Heine* v. *Levee Commissioners, supra,* but also in the case of

*Rees* v. *Watertown,* 19 Wall. 107, 22 L. Ed. 72, and in the case of *Watson* v. *Major,* 10 Colo. App. 185, 50 Pac. 744. (See, also, 27 Am. & Eng. Ency. of Law, 636, 637; *North Carolina R. R. Co.* v. *Commissioners,* 77 N. C. 4; *Ferris* v. *Coover,* 10 Cal. 589; *People* v. *Hastings,* 29 Cal. 450, 452; *People* v. *Pearis,* 37 Cal. 259, 262; *Worthington* v. *Whitman,* 67 Iowa, 190, 25 N. W. 124; *McCready* v. *Sexton & Son,* 29 Iowa, 356, 4 Am. Rep. 214; *In re Douglas,* 41 La. Ann. 765, 6 South. 675; *Abbott* v. *Lindenbower,* 42 Mo. 162; *Powers* v. *Fuller,* 30 Iowa, 476; *Robinson* v. *First Nat. Bank,* 48 Iowa, 354.)

The rule is that laws for the assessment and collection of revenue should be construed with reasonable strictness. (*Noll* v. *Morgan,* 82 Mo. App. 119; *St. Louis etc. Ry. Co.* v. *Epperson,* 97 Mo. 300, 10 S. W. 480; *Kansas City* v. *Hannibal etc. Ry. Co.,* 81 Mo. 285, 293; *Campbell County Court* v. *Taylor,* 8 Bush (Ky.), 206, 208; *Beckwith* v. *English,* 51 Ill. 147.)

The constitutionality of laws permitting the deduction of debts from credits is fully sustained by the authorities. (*Macklot* v. *City of Davenport,* 17 Iowa, 379; *Bells Gap R. Co.* v. *Pennsylvania,* 134 U. S. 232, 10 Sup. Ct. 533, 33 L. Ed. 892; *Commercial Nat. Bank* v. *Chambers,* 182 U. S. 556, 21 Sup. Ct. 863, 45 L. Ed. 1227; *Newport* v. *Mudgett,* 18 Wash. 271, 51 Pac. 466; *People ex rel. Bijur* v. *Barker,* 155 N. Y. 330, 49 N. E. 940.)

The relation of banker and depositor is that of debtor and creditor. Therefore all deposits were debts, and should have been deducted from the credits in order to ascertain the just amount and value thereof for the purposes of taxation. (*Bank* v. *Millard,* 10 Wall. 152, 19 L. Ed. 897; *Foley* v. *Hill,* 2 H. L. Cas. 28; *Williams* v. *Rogers,* 14 Bush, 788; *Pyle* v. *Brenneman,* 122 Fed. 787; *Griffin* v. *Heard,* 78 Tex. 607, 14 S. W. 892; *People* v. *Dederick,* 161 N. Y. 195, 55 N. E. 927.)

If the construction placed upon section 3695 of the Political Code by the assessor were correct, it would violate the constitutional guaranty that taxes shall be uniform upon the same class of subjects.

It has been held by the courts that state statutes which allow taxpayers to deduct the amount of their debts from the valuation of their moneyed capital held by them, must grant the same privilege to holders of national bank shares, in order to avoid conflict with section 5219 of the United States Revised· Statutes. A failure to accord to holders of national bank shares equal privileges in this regard constitutes the discrimination inhibited by that statute. (*People* v. *Weaver*, 100 U. S. 539, 25 L. Ed. 705; *Supervisors* v. *Stanley*, 105 U. S. 305, 26 L. Ed. 1044; *National Albany Exchange Bank* v. *Wells*, 18 Blatchf. 478, 5 Fed. 248; *Richards* v. *Rock Rapids*, 31 Fed. 505; *First Nat. Bank* v. *Richmond*, 39 Fed. 309; *Whitney Nat. Bank* v. *Parker*, 41 Fed. 402; *Mercantile Nat. Bank* v. *Shields*, 59 Fed. 952; *City Nat. Bank* v. *Paducah*, 2 Flipp. 61, Fed. Cas. No. 2743; *Evansville Nat. Bank* v. *Britton*, 10 Biss. 503, 8 Fed. 867; *Wasson* v. *First Nat. Bank*, 107 Ind. 206, 8 N. E. 97; *National Bank* v. *Fisher*, 45 Kan. 726, 26 Pac. 482; *McAden* v. *Board of Commrs.*, 97 N. C. 355, 2 S. E. 670; *Ruggles* v. *Fond du Lac*, 53 Wis. 436, 10 N. W. 565; *Weston* v. *Manchester*, 62 N. H. 574; *People* v. *National Bank*, 123 Cal. 53, 69 Am. St. Rep. 50, 55 Pac. 685, 55 L. R. A. 747.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Between the first Monday in March, 1904, and the 1st of July following, the assessor of Silver Bow county required from W. A. Clark & Brother, copartners engaged in business as private bankers, in Silver Bow county, a statement showing all their real and personal property subject to taxes for that year. They returned the list of property which showed real estate of the value of $127,610, which valuation was subsequently raised by the board of equalization to $132,610, and personal property listed substantially as follows:

Moneys on hand or in transit, $403,869.27;

Due from other banks, bankers, etc., subject to draft, $1,203,059.47;

Bills and accounts receivable and other credits, $1,657,533.52; Deposits made by other persons, $3,686,397.89.

They asked that the amount of debts (deposits) be deducted from the aggregate amount of moneys and credits, including money due from other banks, bankers, etc., and stated that the list was furnished pursuant to section 3695 of the Political Code. On July 9th following, Clark & Brother received from the assessor a copy of the list so furnished by them, with a statement by the assessor attached thereto, that under the law the only deductions which could be made from bills and accounts receivable are accounts payable other than current deposits, and, as no such accounts had been returned, he, the assessor, had assessed to them the amount of bills and accounts receivable, $1,657,550, less the value of real estate returned, $127,610, leaving the net value of personal property assessed to them, $1,529,940. Application was made to the board of equalization for relief, which was denied.

The taxes levied upon the real estate were paid before November 30, 1904; but the taxes levied upon the solvent credits, $1,529,940, were not paid, and, on December 19, 1904, the county treasurer published the delinquent tax list, including therein this item: ''Clark, W. A. & Bro., Bankers—North 22¼ feet, lot 1, block 29, Butte Townsite, sold for taxes on solvent credits, including deposits in bank, $27,937.20.'' To this delinquent tax list was attached the usual notice by the treasurer that, unless the taxes were paid, the real estate upon which such taxes were a lien would be sold to satisfy the same on January 9, 1905. Prior to the last date this action was commenced.

An amended complaint was filed setting forth the facts herein mentioned and asking that the county treasurer be restrained from selling the real estate mentioned above. To this amended complaint the defendant county treasurer interposed a general demurrer, which was sustained by the court, and, the plaintiffs having elected to stand on their amended complaint, judgment was entered in favor of the defendant, from which judgment the plaintiffs appealed.

Apparently W. A. Clark & Brother, in returning their list to the assessor, proceeded upon the theory that they could deduct their debts from moneys on hand under those provisions of subdivision 8, section 3695, above, allowing such deduction to be made, and the remainder of their debts they could deduct from their solvent credits under the provisions of section 3701 of the same Code, and thereby eliminate for the purpose of assessment all their personal property. The assessor and board of equalization apparently proceeded upon the theory that those provisions of subdivision 8, section 3695 above, only, were applicable to appellants' case, and, therefore, their solvent credits were liable for taxation without allowing any deduction for debts due by them. In this court, however, appellants practically concede that the provisions of section 3701 only are applicable to this case.

This action was commenced prior to the enactment of the amendment to section 3695. (Session Laws 1905, p. 54, Chap. XXV.) It is to be observed that there is a direct conflict between the provisions of section 3701, above, and that portion of subdivision 8 of section 3695, which provides for a deduction of debts (deposits) from money on hand and in transit, and which further provides that only deposits other than current deposits may be deducted from bills and accounts receivable and other credits. Section 3701 authorizes any taxpayer to deduct or have deducted from his credits all debts then owing by him; but this section does not authorize the deduction of debts from money on hand, and, if it attempted to do so, would clearly violate the provisions of the Constitution.

In *Daly Bank & Trust Co.* v. *Board of Commissioners,* 33 Mont. 101, 81 Pac. 950, this court held that the provisions of section 3701 are general and applicable alike to all taxpayers, whether natural persons or corporations, and we see no reason for receding from that position now. This being so, and the provisions of section 3701 conflicting directly with those of subdivision 8 of section 3695 above, the provisions of section 3701 prevail, for there is not anything in such a construction

inconsistent with the meaning of the Chapter in which both sections are found. This is the rule of construction provided by section 5165 of the Political Code which reads: "If conflicting provisions are found in different sections of the same chapter or article, the provisions of the section last in numerical order must prevail, unless such construction is inconsistent with the meaning of such Chapter or Article."

Furthermore, the attempt of the legislature to authorize private bankers to deduct their debts from moneys on hand is abortive. That portion of subdivision 8 of section 3695 above referred to is in direct contravention of sections 11 and 16, Article XII, of the Constitution of Montana.

These appellants, having made timely demand, were entitled to have their debts deducted from their credits (*Daly Bank & Trust Co.* v. *Board of Commissioners*, above), and this notwithstanding they mistakenly thought they could also deduct such debts from moneys on hand. The assessor could not have been misled by any statement of appellants attached to their list of property, respecting the particular provisions of the Code under which they assumed that their assessment would be made. The assessor's duty was to make the assessment according to law, not according to what appellants may have thought the law was or ought to be.

But it is said that, adding together the amounts of the moneys on hand and in transit and the amounts due from other banks, bankers, etc., practically the same amount (though larger) is obtained as that upon which the assessment was made; and, as appellants did not pay the taxes on the greater amount they cannot complain that they are required to pay on the lesser amount. But such an argument, while it may have some foundation in morals, has none in law. In the first place, moneys due from other banks and bankers are credits within the definition of that term as given by section 3680 of the Political Code. In the second place, to say that, because one species of property which a man does own is not assessed, he may be made to pay taxes on property which he does not own, or on property

which he does own but which is not liable for taxation, violates almost every principle of the law of taxation.

According to the return made to the assessor by these appellants, their property liable to taxation consisted of their real estate, and of moneys on hand and in transit, amounting to $403,869.27. The appellants could not assess their own property. They were only called upon to furnish a list of the items. It was the duty of the assessor to make the assessment, and, if he failed to do so in a proper manner, these appellants cannot be held to be to blame.

Appellants having paid the taxes levied upon their real estate directly, such real estate could only be sold to satisfy the lien of a tax levied upon their personal property, and such a lien could only be created by a valid tax. As an indispensable prerequisite to a valid tax there must have been a valid assessment of such personal property. (*Northern Pac. R. R. Co.* v. *Garland,* 5 Mont. at p. 171, 3 Pac. 146; *Board of Commissioners* v. *Anderson,* 68 Fed. 341, 15 C. C. A. 471 (Montana case); *Worthington* v. *Whitman,* 67 Iowa, 190, 25 N. W. 124; *People* v. *Hastings,* 29 Cal. 450; 27 Ency. of Law, 2d ed., 660.) At least two steps are necessary to be taken to make a valid assessment: First, listing the persons and property; and, second, estimating and fixing the value of the property. (*State ex rel. Butte* v. *Johnson,* 16 Mont. 570, 41 Pac. 706; *People* v. *Weaver,* 100 U. S. at p. 545, 25 L. Ed. 705.) And this assessment must be made by the proper officers, and cannot be made by the court. (*Danforth* v. *Livingston,* 23 Mont. 558, 59 Pac. 916; *State Railroad Tax Cases,* 92 U. S. 575, 23 L. Ed. 663; *Hulbert* v. *People,* 189 Ill. 114, 59 N. E. 567; *Monroe* v. *Town of New Canaan,* 43 Conn. 309; 2 Cooley on Taxation, 912.)

The cash on hand belonging to these appellants and which was liable for taxation was not assessed at all; on the contrary, this amount was completely wiped out by deducting debts of an equal amount from it, while appellants were assessed with $1,529,940, represented by solvent credits. But from the amount of these credits appellants were entitled to have de-

ducted their just debts represented by the current deposits; and had this deduction been made there would not have been anything left of their credits subject to taxation.

The fact that appellants had more than $400,000 worth of property liable to taxation and with which they ought to have been assessed, but were not, does not justify the imposition of taxes upon $1,500,000 of property which they had, but which was not liable to taxation under the circumstances presented by this case.

Some contention is made that appellants are not entitled to an injunction upon the showing made in their amended complaint. The maxim, "He who seeks equity must do equity," is quoted by respondents. It is said to be applicable here for the reason that appellants have not paid or offered to pay the taxes upon the $403,869.27, moneys on hand and in transit. But, as we have said before, this amount was not assessed to them, and, an assessment being necessary to a tax, there were not any taxes due from appellants on that property, and, therefore, nothing for them to pay or tender. And they cannot be charged with being remiss in failing to pay or tender an amount not due or payable at the time this action was commenced.

The tax levied upon the amount of credits without any deduction having been allowed for debts was void, and, under the authority of *Montana Ore Pur. Co.* v. *Maher,* 32 Mont. 480, 81 Pac. 13, and *Hensley* v. *City of Butte,* 33 Mont. 206, 83 Pac. 481, injunction was a remedy available to these appellants.

Under the view we have taken it is not necessary to consider the question whether the delinquent tax list, in so far as it applied to property of these appellants, was sufficiently explicit to warrant the sale contemplated if no other objection had been made. The complaint states facts sufficient to constitute a cause of action in favor of appellants.

The judgment is reversed, and the cause is remanded to the district court, with directions to overrule the demurrer.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.