UNION BANK & TRUST CO., RESPONDENT, *v.* MOORE,
COUNTY TREASURER, APPELLANT.

(No. 4,759.)

(Submitted January 4, 1922. Decided January 16, 1922.)

[204 Pac. 361.]

*Taxation—State Banks—Capital Stock Nonassessable, When—*
*Estoppel.*

Taxation—Banks—Capital Stock—When not Assessable.
    1.  Section 17, Article XII, of the state Constitution, forbids the
    taxation of the capital stock of a state bank where the property
    represented by such stock is within the state and liable to taxation.

Same—Failure to Assess Taxable Property No Justification for Assess-
    ing Nonassessable.
    2.  Failure to assess property of a bank situated within the state
    and which represents its capital stock does not justify the assessment
    of the stock which is not liable to taxation.

Same—Invalid Assessment—Act Done Under Statutory Compulsion not
    Estoppel.
    3.  The fact that a bank furnished to the assessor the information
    upon which an unlawful assessment was made did not estop it to
    thereafter attack the validity of the tax, where the Act under which
    the assessment was made provided a penalty for failure to furnish
    it, and the information was· thus given under compulsion.

Same—Unlawful Assessment at Advice of Officer of Plaintiff—When not
    Estoppel.
    4.  The act of an officer of plaintiff bank in advising the assessor
    to assess its capital stock did not estop the bank to question the
    validity of the tax in its action to recover the amount paid under
    protest, since the officer may have been mistaken as to the validity
    of the Act under which it was imposed.

*Appeal from District Court, Lewis and Clark County; W. H.*
*Poorman, ·Judge.*

ACTION by the Union Bank & Trust Company of Helena,
Montana, against W. A. Moore, County Treasurer of Lewis
and Clark. County, to recover a tax paid under protest.  Judg-
ment for plaintiff and defendant appeals.  Affirmed.

---

3.  Estoppel of taxpayer to dispute assessment based on return of
property for taxation, see notes in 7 **Ann. Cas.** 866; 17 **Ann. Cas.** 1031;
**Ann. Cas.** 1916C, 230.

*Mr. Jos. R. Wine,* for Appellant, submitted a brief; *Mr. Wine* and *Mr. Hugh R. Adair* argued the cause orally.

The only question involved in this case is whether or not Chapter 31 of the Laws of 1915 is constitutional. The assessor of Lewis and Clark county in assessing the bank stock of the respondent corporation followed the methods provided for in Chapter 31 of the Laws of 1915, which provides for the assessment for the purposes of taxation of the real estate owned by national and state banks and the payment of taxes on shares of stock therein.

The doctrine that capital and shares are separate properties for the purpose of taxation is found in *Van Allen* v. *The Assessors (Churchill* v. *Utica),* 3 Wall. 573, 18 L. Ed. 229; *New York* v. *New York City & County Tax etc. Commrs.,* 4 Wall. 244, 18 L. Ed. 344 [see, also, Rose's U. S. Notes]. And in *Farrington* v. *Tennessee,* 95 U. S. 679, 24 L. Ed. 558, the court held that capital stock and shares may both be taxed; that it is not double taxation; and that a bank may be required to pay the tax from corporate funds, or be authorized to deduct the amount paid for each stockholder out of his dividends. Later, the court declared it well settled that the property of shareholders in their shares and the property of the corporation in its capital stock are distinct property interests; and where that is the clearly expressed legislative intent both may be taxed. (*New Orleans* v. *Houston,* 119 U. S. 265, 30 L. Ed. 411, 7 Sup. Ct. Rep. 198; *Shelby County* v. *Union & Planters' Bank,* 161 U. S. 149, 40 L. Ed. 650, 16 Sup. Ct. Rep. 558; *Owensboro Nat. Bank* v. *Owensboro,* 173 U. S. 664, 43 L. Ed. 850, 19 Sup. Ct. Rep. 537 [see, also, Rose's U. S. Notes].) The same doctrine has been followed by a number of the state courts. (*Illinois Nat. Bank* v. *Kinsella,* 201 Ill. 31, 66 N. E. 338; *People* v. *Coleman,* 126 N. Y. 433, 12 L. R. A. 762, 27 N. E. 818; *State (Fish Prosecutor)* v. *Branin,* 23 N. J. L. 484; *South Nashville St. R. Co.* v. *Morrow,* 87 Tenn. 406, 2 L. R. A. 853, 11 S. W. 348; *Belo* v. *Forsyth County,* 82 N. C.

415, 33 Am. Rep. 688; *United States Electric P. & L. Co.* v. *State,* 79 Md. 63, 28 Atl. 768; *Union Bank* v. *Richmond,* 94 Va. 316, 26 S. E. 821; *Atlanta Nat. B. & L. Assn.* v. *Stewart,* 109 Ga. 80, 35 S. E. 73; *Bradley* v. *Bauder,* 36 Ohio St. 28, 38 Am. Rep. 547; *Board of Equalization* v. *People's Nat. Bank,* 79 Okl. 312, 193 Pac. 622; *State* v. *Security Nat. Bank,* 143 Minn. 408, 173 N. W. 885.)

In practically all of the states where taxes are imposed upon shares of corporate capital stock resort is had, in the first instance, to the corporation as paymaster for its shareholders. This is practically universal with respect to the taxation of national banks whose shareholders alone are subject to taxation, and then only at the places where such banks are located. But it is also the case with other corporations. Notably when it is desired to tax nonresident stockholders, since there is thereby an easy mode of subjecting aliens to taxation.

A corporation is under no obligation to pay taxes upon the shares belonging to its stockholders unless so charged by statute and such statutes have been held constitutional. (*South Nashville St. R. Co.* v. *Morrow,* 87 Tenn. 406, 2 L. R. A. 853, 11 S. W. 348; *New Orleans* v. *Louisiana Sav. Bank etc. Co.,* 31 La. Ann. 826.) In Alabama the statute provides that the tax assessors must assess at their actual value bank shares against the stockholders, and the tax is to be collected through the bank. (*Jefferson County Sav. Bank* v. *Hewitt,* 112 Ala. 546, 20 South. 926.) In general, a state may make use of the corporation as a convenient means of collecting taxes upon the stockholders' shares. (*New Orleans* v. *Houston,* 119 U. S. 265, 30 L. Ed. 411, 7 Sup. Ct. Rep. 198 [see, also, Rose's U. S. Notes].)

In Ohio the legislation respecting the taxation of bank stock operates to tax the shareholders and not the corporations, although the banks are required to pay in the first instance. (*Cleveland Trust Co.* v. *Lander,* 19 Ohio C. C. 271, 10 Ohio C. D. 452.)

*Messrs. Gunn, Rasch & Hall,* for Respondent, submitted a brief; *Mr. M. S. Gunn* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1918 the assessor of Lewis and Clark county, acting pursuant to the provisions of Chapter 31, Laws of 1915, assessed to the Union Bank & Trust Company the shares of stock of the bank owned by its several stockholders. The bank paid the tax thereon under protest, and brought this action to recover the amount. The trial court rendered judgment in favor of the plaintiff, and defendant appealed.

The first section of Chapter 31 above was declared to be unconstitutional in *Dennis* v. *First Nat. Bank,* 55 Mont. 448, 178 Pac. 580, and the entire Act was repealed by the seventeenth legislative assembly (Chap. 81, Laws of 1921), so that consideration of the Act is necessary only so far as it reflects upon the right of the county to retain the tax collected.

The intention of the legislature in enacting the statute is [1] made apparent by the language employed. The purpose was to simplify the assessment of bank property and devise a convenient means for collecting the tax, but the lawmakers overlooked the fact that the entire scheme ran counter to express provisions of the state Constitution. The defect in the Act so far as it related to the assessment of real property was pointed out in *Dennis* v. *First Nat. Bank,* above. The Act undertook to substitute the capital stock of the bank for the personal property belonging to the bank as the basis for assessment. Article XII of our Constitution deals with the subject "Revenue and Taxation." Section 1 requires the legislature to provide regulations which shall secure a just valuation for taxation of all property except that otherwise specifically mentioned. Section 2 enumerates the property absolutely exempt from taxation and the other property which may be made exempt; and section 3 provides for the taxation of mining

properties and the net proceeds of mines. Section 7 provides: "The power to tax corporations or corporate property shall never be relinquished or suspended, and all corporations in this state, or doing business therein shall be subject to taxation for state, county, school, municipal and other purposes, on real and personal property owned or used by them and not by this Constitution exempted from taxation." Section 17 defines the term "property" to include moneys, credits, bonds, stocks, franchises, and all matters and things (real, personal and mixed) capable of private ownership, and then continues: "But this shall not be construed so as to authorize the taxation of the stocks of any company or corporation when the property of such company or corporation represented by such stocks is within the state and has been taxed." Section 7 prohibited the legislature from exempting the personal property of a bank from taxation, and section 17 forbade the taxation of the capital stock when the property represented by such stock is within the state and liable to taxation. This subject was considered fully in the case of *Daly B. & T. Co.* v. *Board of Commrs.*, 33 Mont. 101, 81 Pac. 950, and further discussion is unnecessary.

It appears from the record that the capital stock of the [2-4] Union Bank & Trust Company was represented by property within this state subject to taxation, and the fact, if it be a fact, that such property was not assessed for the year 1918 could not justify the assessment of other property not liable to taxation. (*Clark* v. *Maher*, 34 Mont. 391, 87 Pac. 272.) But counsel for appellant insist that, since the officers of the bank furnished to the assessor the information upon which the assessment was made as it was made, the bank is estopped to contest the validity of the tax. The information was furnished under the provisions of section 3, Chap. 31, above, and no one could contend seriously that it was not well within the power of the legislature to compel the officers of a bank organized under the laws of this state to furnish such information and to provide the penalty which it did provide for a failure to do so. But one who furnishes such information under compulsion is

not estopped by his act. There is not any element of estoppel present. Again, it is insisted that an officer of the Union Bank & Trust Company advised the assessor to assess the stock against the bank, and therefore the bank cannot complain; but the fact that the officer may have been mistaken as to the validity of the statute does not estop the bank to question the validity of the tax. (*Commercial Nat. Bank* v. *Board, etc.,* 168 Iowa, 501, Ann. Cas. 1916C, 227, 150 N. W. 704; *City of Wilmington* v. *Ricaud,* 90 Fed. 214, 32 C. C. A. 580.)

The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Associate Justices Cooper and Galen concur.