HARDIN AUTO COMPANY, a Montana Corporation, and Montana Automobile Dealers Association, a Non-Profit Corporation, Plaintiffs and Respondents, *v.* JOHN C. ALLEY, J. MORLEY COOPER and HOWARD H. LORD, as members of and constituting the State Board of Equalization of the State of Montana, Defendants and Appellants.

No. 11225.
Submitted December 13, 1966. Decided January 6, 1967.
422 P.2d 346.

(1)

William A. Douglas (argued), Helena, for appellants.
A. W. Scribner (argued), Helena, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order granting a permanent injunction against the State Board of Equalization. The action

was commenced by respondents, Hardin Auto Co., a Montana Corporation, and the Montana Automobile Dealers Association, to restrain the Board from assessing and taxing certain motor vehicles brought into the State of Montana by Hardin Auto Co. subsequent to January 1, 1966.

Section 84-6008, R.C.M.1947, provides that property brought into the state subsequent to the regular assessment date shall be assessed. This section then specifies certain exemptions which include the following provision:

"* * * provided further that nothing herein contained shall be construed into authority to assess or levy an additional tax against any merchant or dealer within this state on goods, wares or merchandise brought into the county to replenish the stock of such merchant or dealer, so long as such addition does not materially increase the inventory or stock which has been duly assessed to such merchant or dealer as of the regular assessment date * * *."

The regular assessment date for new and used trucks and used autos in dealer inventories is the first day of January. In order to assess vehicles brought into the state after the first of January pursuant to section 84-6008, the Board issued a directive on March 21, 1966, which states in part:

"All motor vehicles brought in from outside the State of Montana as stock to a dealer's inventory, which actually replaces stock that was on hand and assessed to such dealer on January 1 or subsequent to January 1, shall not be subject to property taxation. All motor vehicles brought in from outside the State of Montana as stock to a dealer's inventory, which do not actually replace stock that was assessed to such dealer on January 1 or subsequent to January 1, shall be subject to property taxation. New passenger cars replacing dealer's stock shall be assessed the new passenger car sales tax in accordance with section 32-3315, R.C.M.1947."

The theory of the directive is that vehicles brought into the state subsequent to the first of January, which do in fact "re-

place" a vehicle in stock on the first of January, shall not be subject to taxation. From the evidence and testimony before us, it is clear that the effect of the directive as applied is to tax every alternate imported vehicle. This can be easily illustrated. Assume truck number one is in stock on January 1 and is assessed; then truck number one is sold and truck number two is brought into the state. The second truck would be considered a replacement by the Board and it would not be taxed. However, truck number three would be taxed, even though it might in fact replace truck number two. There is no doubt in our minds that the Board intended to tax every alternate truck or used car.

In seeking an injunction against the enforcement of this directive, the respondents argued that it did not lawfully reflect the meaning and purpose of section 84-6008, and that the attempted taxation was illegally discriminatory because it was levied against only merchants dealing in new and used trucks and used cars.

■■■■ Article XII, § 11 of the Constitution of Montana provides: "Taxes shall be levied and collected by general laws and for public purposes only. They shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." It is well-settled in the law of this state that the constitutional requirement of uniformity of taxation will be met if property in the same class is taxed in the same manner. Yellowstone Pipe Line Co. v. State Bd. of Equalization, 138 Mont. 603, 358 P.2d 55. A classification for tax purposes is not illegal merely because it is discriminatory. Bank of Miles City v. Custer County, 93 Mont. 291, 19 P.2d 885. We feel that the Board of Equalization had the authority to enforce the provisions of section 84-6008 against trucks and used cars as a class, without having to enforce the section against every other type of retail inventory.

The specific reasons why the Board singled out this class of merchandise is not really in issue here. The Board's offer of

proof to establish its motive was denied, but the Board evidently felt that a serious tax evasion problem existed, particularly in the sale of new trucks brought into Montana in quantity after the first of January. This court is already aware of the situation which the Board is attempting to deal with. Earlier this year in the case of Swartz v. Berg, 147 Mont. 178, 411 P.2d 736, we held that the retail purchaser of a new truck brought into the state on January 2, 1965, could not be taxed under sections 84-6008 to 84-6011, R.C.M.1947. In that case the truck in issue was a replacement truck. The issues here presented are of a different nature but arise from the same source.

We have said that practical considerations may permit tax classifications, for example, the ease with which motor vehicles may be removed from the taxing jurisdiction. Wheir v. Dye, 105 Mont. 347, 73 P.2d 209. In this same case we held that where there is a difference between various properties, it need not be great or conspicuous to warrant classification for taxation. We therefore hold that the Board did not exceed its authority of constitutional requirements in classifying trucks and used cars for purposes of enforcing section 84-6008.

However, we do feel that the directive as applied does not adequately embody the meaning and intent of section 84-6008. That section is concerned with "material increase" to merchant's inventories and clearly intends to tax only such increases. The admitted design of the directive, on the other hand, is to tax every alternate truck or used car which is brought into the state. The lack of logical consistency between the directive and section 84-6008 should be clear. It would be possible to have one hundred trucks on hand on the first of January and pay taxes on them, and yet have to pay a tax on every second vehicle which is subsequently brought in, even though the total inventory might materially *decrease*. Whether the directive would accomplish the statutory intent would depend as much on coincidence as it would on reason.

In spite of practical difficulties in accounting and inventory control, the Board should not be discouraged from assessing "material increases" in dealer inventories as provided by statute. But since the directive in question improperly construes the legislative mandate, the order of the District Court enjoining the application of the directive should be and hereby is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DOYLE, ADAIR and JOHN CONWAY HARRISON, concur.